An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA13-844
NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

GIRLVESTER DEVANE (ANDERSON),
    Plaintiff,

v.                                  Pender County
                                    No. 12 CVS 1082
AURORA LOAN SERVICES, LLC,
    Defendant.


Appeal by Plaintiff from Order entered 6 February 2013 by Judge Phyllis M. Gorham in Pender County Superior Court. Heard in the Court of Appeals 11 December 2013.

> *Coleman Law, P.L.L.C., by Nathaniel T. Coleman, for Plaintiff.*

> *Renner St. John for Defendant.*


STEPHENS, Judge.


*Factual Background and Procedural History*

This case arises from events surrounding the foreclosure sale of property located at 14505 Ashton Road, Rocky Point, North Carolina ("the property"). Following the sale, Plaintiff Girlvester Devane Anderson, the borrower, filed suit against

Defendant Aurora Loan Services, LLC, the lender, and made the following pertinent allegations in her complaint:

On 15 March 2006, Plaintiff executed a note and deed of trust on the property. Thereafter, Defendant "erroneously communicated" to Plaintiff that repayment had been breached on five separate occasions. Plaintiff was "accused" of violating repayment terms a sixth time in September of 2010 and spoke with one of Defendant's representatives about the matter. The representative informed Plaintiff that Defendant had applied Plaintiff's payments to the wrong account. Plaintiff requested an accounting and was placed on a new payment plan. Her original payments were not applied to the new plan.

In December of 2010, Defendant "induced Plaintiff into applying for a Home Loan Modification plan" ("the modification plan"). Defendant informed Plaintiff that the modification plan "would make up for any mix-up caused by . . . [D]efendant," but instructed Plaintiff that "payments could not be made" while the modification plan was being developed. Defendant "failed to disclose the financial risk of not making payments" and told Plaintiff that the modification plan was "a sure thing."[1]

---

[1] According to Plaintiff, Defendant also commented that "the misapplication of payments was 'the worst mess we have ever

Defendant initiated foreclosure proceedings while the modification plan was pending and "misled Plaintiff by telling her that all the information needed for the HAMP[2] package was received" when, in fact, more information was needed.[3] On 18 October 2011, Defendant told Plaintiff that "the HAMP package only needed to be updated by providing the most recent banking information," which Plaintiff provided. Defendant later informed Plaintiff that "the information was complete." On 28 October 2011, however, Plaintiff learned that the modification plan was rejected "because all the HAMP information was not received."

A foreclosure hearing was set for 2 November 2011. Defendant allegedly informed Plaintiff that the hearing would be postponed until all of the HAMP documents were received. Nonetheless, the hearing went ahead as planned, and the clerk of

---

seen,'" which Plaintiff construes as an admission of fault.

[2] Though Plaintiff does not define this acronym in her complaint, a cursory search indicates that it is a federal government loan package named the "Home Affordable Modification Program." *See In re Raynor*, __ N.C. App. __, __, 748 S.E.2d 579, 582 (2013) (referring to and defining the HAMP program); *see also Home Affordable Modification Program*, MAKINGHOMEAFFORDABLE.gov, http://www.makinghomeaffordable.gov/programs/lower-payments/Pages/hamp.aspx.

[3] Plaintiff does not provide a time context for Defendant's allegedly misleading statements.

superior court made the following pertinent findings of fact:[4] (1) Defendant holds the note and deed of trust on the property, which "evidences a valid debt"; (2) the note is in default; (3) the deed gives Defendant the right to foreclose; (4) "[n]otice of this hearing has been served on the record owners of the real estate and to all other persons against whom the noteholder intends to assert liability for the debt"; (5) the loan is a home loan, pre-foreclosure notice was provided under N.C. Gen. Stat. § 45-102, and "the periods of time established by" Chapter 45, Article II have elapsed; (6) Defendant attempted to communicate with Plaintiff "to resolve the matter voluntarily prior to the foreclosure hearing[,] pursuant to [N.C. Gen. Stat. §] 45-21.16C[,] but such attempts were unsuccessful"; and (7) the sale is not barred by N.C. Gen. Stat. § 45-21.12A. Based on those findings of fact, the clerk of court ordered and authorized the substitute trustee to proceed with foreclosure.

In her complaint, Plaintiff alleges that

> she was informed [by Defendant] that the foreclosure had been conducted. Plaintiff was informed by a representative of [D]efendant that there was a note in the

---

[4] Plaintiff does not include the clerk of court's order in her complaint. However, in paragraph 16 she incorporates by reference the entire Pender County file on the foreclosure proceedings.

> file indicating the intent to postpone the hearing[.] However, the person that was handling the file went on vacation prior to executing the order to postpone the [h]earing set for November 2, 2011. Defendant then informed . . . Plaintiff that even though the [h]earing was not stopped that the new payment agreement would be worked out because the documentation was already on file.[5]

On 8 November 2011, Defendant called Plaintiff and purportedly informed her to "be prepared" to begin repayment. Defendant also allegedly provided contradictory statements regarding the amount of repayment.

On 13 and 22 November 2011, respectively, Defendant informed Plaintiff (1) that "all files had been checked and . . . there was no longer a foreclosure date set" and, contrarily, (2) that "the foreclosure sale had not been postponed." Plaintiff "faxed a written complaint to . . . Defendant" on 22 November 2011, requesting the foreclosure sale be stopped, and Defendant allegedly promised to respond within

---

[5] This allegation wrongly implies that Plaintiff was not given proper notice of the 2 November 2011 hearing and was not present at that hearing. The clerk of superior court's order and the exhibit attached to Plaintiff's complaint state, however, that both parties were given proper notice of the proceeding. In addition, counsel for Plaintiff did not dispute Defendant's repeated statements at the 4 February 2013 hearing that Plaintiff "was present at the [2 November 2011 foreclosure] hearing and was allowed to present any and all evidence that she had at that time."

seventy-two hours. Plaintiff did not receive a response, and the property was sold to Defendant the next day, 23 November 2011.

Plaintiff filed her complaint on 16 March 2012, alleging the following "causes of action": (1) violations of sections 90 through 94 of Chapter 40 of the North Carolina General Statutes, (2) breach of contract, (3) unfair and deceptive trade practices, (4) equitable relief, (5) constructive fraud,[6] (6) negligent misrepresentation, and (7) constructive trust.[7] Plaintiff requested relief in the form of damages, costs, attorneys' fees, interest, a constructive trust, the market value of the property, reasonable rental income from the property, and a jury trial on the issues raised in the complaint. Defendant moved to dismiss the complaint on 20 December 2012 pursuant to Rules 8(a), 9(b), and 12(b)(6) of the North Carolina Rules of Civil Procedure. A hearing on the motion was held 4 February 2013.

---

[6] Though Plaintiff labels constructive fraud as her "SIXTH" cause of action, the claim appears to be the fifth in her complaint. Accordingly, the numbering of Plaintiff's remaining causes of action is off by one.

[7] We note that equitable relief and constructive trust are not causes of action. They are remedies. To the extent Plaintiff's complaint refers to them as causes of action, it is incorrect. *See generally Felt City Townsite Co. v. Felt Inv. Co.*, 50 Utah 364, 374, 167 P. 835, 839 (1917) ("The remedy is no part of the cause of action.").

During the hearing, Defendant asserted that Plaintiff was present at the 2 November 2011 foreclosure proceeding. Plaintiff did not dispute this fact and acknowledged that she had failed to appeal the clerk of court's order on the foreclosure sale in a timely manner. At the conclusion of the hearing, the trial court granted Defendant's motion to dismiss and made the following comment to counsel for Plaintiff:

> It is unfortunate that your client didn't retain an attorney at an earlier stage, who knows what the end result would have been. But at this point, I find that none of these causes of action[] exist and therefore I am going to dismiss this complaint.

The trial court memorialized its decision in a written order filed 6 February 2013. Plaintiff appeals.

*Standard of Review*

> The motion to dismiss under N.C.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion[,] the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to

dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *affirmed per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

*Discussion*

On appeal, Plaintiff argues that the trial court erred in dismissing her complaint because each cause of action was "properly pled." Defendant counters by arguing that the trial court properly determined that Plaintiff failed to state any claim on which relief could be granted. We affirm.

Under N.C. Gen. Stat. § 45-21.16(d), the clerk of court "shall authorize" a trustee to proceed with foreclosure on a deed of trust if the clerk finds the existence of:

> (i) [a] valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) [the] right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that . . . pre-foreclosure notice . . . was provided in all material respects, and that the periods of time established by Article 11 of [Chapter 45] elapsed, and (vi) that the sale is not barred by [section] 45-21.12A.

N.C. Gen. Stat. § 45-21.16(d) (2013). The clerk's order is considered a "judicial act and may be appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act." N.C. Gen. Stat. § 45-21.16(d1).

> Equitable defenses to foreclosure . . . may not be raised in a hearing pursuant to [section] 45-21.16 or on appeal therefrom but must be asserted in an action to enjoin the foreclosure sale under [section] 45-21.34. By contrast, evidence of legal defenses tending to negate any of the . . . findings required under [section] 45-21.16 may properly be raised and considered.

*In re Goforth Props., Inc.*, 334 N.C. 369, 374-75, 432 S.E.2d 855, 859 (1993). Section 45-21.34 states that any person with an interest in real property "may apply to a judge of the superior court, *prior to the time that the rights of the parties to the sale or resale become fixed* pursuant to [section] 45-21.29A to enjoin such sale . . . upon any . . . legal or equitable ground which the court may deem sufficient . . . ." N.C. Gen. Stat. § 45-21.34 (2013) (emphasis added). The rights of the parties to the sale or resale of real property are fixed "[i]f an upset bid is not filed following a sale, resale, or prior upset bid within the period specified within this Article," which is ten days in this case. N.C. Gen. Stat. § 45-21.29A (2013).

> For reasons of judicial economy and efficient resolution of disputes, . . . [section 45-21.16(d) provides a more appropriate process to resolve who is truly the equitable or legal owner of . . . any property sought to be sold under foreclosure. The right to foreclose under the instrument is more than a mere recitation of words specifying a power of sale. The [c]lerk of [c]ourt must decide

> whether the person given the power of sale under the [d]eed of [t]rust has a right to foreclose under the instrument.

*In re Michael Weinman Assocs. Gen. P'ship*, 333 N.C. 221, 230, 424 S.E.2d 385, 390 (1993) (internal quotation marks omitted). This is not "a mere perfunctory role." *Id.*

In this case, the clerk of court entered its order on 2 November 2011 and authorized the sale to proceed. Therein, the clerk found, among other things, that Defendant was the holder of a valid debt, Plaintiff had defaulted on that debt, Defendant had the right to foreclose under the deed of trust, and Plaintiff had notice of the hearing. Plaintiff was present at the hearing and had the opportunity to bring any legal defenses and arguments that she wished. In addition, Plaintiff had the opportunity to raise any *equitable* arguments regarding the foreclosure in a separate action under section 45-21.34 at any point before the ten-day upset period elapsed. *See* N.C. Gen. Stat. §§ 45-21.29A, 21.34. Plaintiff did not appeal the order or assert an action in equity to enjoin the foreclosure during the ten-day upset period. Therefore, the rights of the parties became fixed at the close of the upset period, and Plaintiff has no further legal or equitable recourse. *See* N.C. Gen. Stat. § 45-21.29A; *Goad v. Chase Home Fin., LLC*, 208 N.C. App. 259, 263,

704 S.E.2d 1, 4 (2010) ("As a result, in the absence of a properly filed upset bid, the rights of the parties to a foreclosure sale become fixed ten days after the filing of the report of the sale. However, even if no upset bid is submitted, the rights of the parties to a foreclosure sale will not become fixed in the event that a temporary restraining order or preliminary injunction is properly obtained prior to the expiration of the ten-day period for filing upset bids."); *see also Haughton v. HSBC Banks USA*, __ N.C. App. __, 737 S.E.2d 191 (2013) (unpublished opinion), *available at* 2013 WL 432575 (affirming the trial court's dismissal under Rule 12(b)(6) of the plaintiff's complaint concerning a previous foreclosure proceeding when the plaintiff failed to appeal the clerk of court's order allowing foreclosure).[8] Accordingly, we hold as a matter of law that Plaintiff has failed to state a claim for which relief may be granted. Plaintiff's arguments are overruled, and the trial court's order dismissing her complaint is

AFFIRMED.

---

[8] *Haughton* is an unpublished opinion and, therefore, has no precedential effect. N.C.R. App. P. 30(e). Nonetheless, the facts in *Haughton* are similar to those in this case, and we find the rationale used by the previous panel of this Court to be persuasive.

Judges STEELMAN and DAVIS concur.

Report per Rule 30(e).