DAVIS, Judge.
 

 *643
 
 In this appeal, we consider the applicability of the doctrine of collateral estoppel to an order by a clerk of court authorizing a trustee to conduct a sale in a non-judicial foreclosure proceeding pursuant to a deed of trust. Trustee Services of Carolina, LLC ("TSC") appeals from an order denying its motion for summary judgment as to claims by the debtors for monetary damages stemming from the foreclosure. Because we conclude the debtors' claims are, in fact, barred by collateral estoppel, we reverse the trial court's order and remand for further proceedings.
 

 Factual and Procedural Background
 

 On 24 March 2006, Mary B. Gray and her husband, Jack S. Gray, executed and delivered a promissory note to Wells Fargo Bank in the amount of $ 300,240 as part of a reverse mortgage loan transaction. As security for the promissory note, the Grays executed a deed of trust (the "Deed of Trust") on property that they owned in Dare County, North Carolina.
 

 The description of the collateral contained in the Deed of Trust described a tract of land that encompassed both the Grays' primary residence as well as the home of Grace Balance Peele, one of their relatives. Following the recordation of the Deed of Trust, the Grays subsequently subdivided the parcel of land containing their primary residence from the parcel containing Peele's home.
 

 Mary Gray and Jack Gray died on 21 March 2012 and 10 December 2013, respectively. Jacqueline L. Gray and Mary Stewart Gray (collectively "Plaintiffs") are the only devisees of Mary and Jack Gray. Peele's residence was devised to Jacqueline Gray pursuant to the terms of Jack Gray's will.
 

 Following Jack Gray's death, Wells Fargo proceeded to accelerate the outstanding balance of the reverse mortgage loan. After providing notice of default on the loan to the Grays' estates, Wells Fargo instructed TSC to initiate non-judicial foreclosure proceedings pursuant to the Deed of Trust.
 

 On 27 March 2015, Plaintiffs were provided with notice of a hearing in connection with the planned foreclosure proceeding. The hearing took place on 16 July 2015. Following the hearing, the Dare County assistant clerk of court entered an order that same day authorizing TSC to proceed with foreclosure. Pursuant to the order, TSC
 

 *644
 
 provided notice to Plaintiffs of the upcoming foreclosure sale, which included a legal description of the property listed in the Deed of Trust.
 

 At the foreclosure sale, Wells Fargo submitted the highest bid and purchased the property for $ 187,500. Wells Fargo's bid was assigned to Federal National Mortgage Association ("Fannie Mae"), and on 29 September 2015 TSC executed and delivered a deed to Fannie Mae that included the same
 
 *655
 
 description of the collateral contained in the Deed of Trust.
 

 On 9 September 2016, Plaintiffs filed a complaint against TSC and Fannie Mae in Dare County Superior Court. In their complaint, they alleged that the description of the property contained in the Deed of Trust erroneously included the land on which Peele's residence was situated. They further contended that they had received no notice of the inclusion of the land containing Peele's home in the description of the property specified in the notice of foreclosure and that these mistakes "render[ed] [the foreclosure sale] a nullity." Plaintiffs' complaint asserted six claims for relief, including (1) a declaration that the foreclosure sale was a nullity; (2) mutual mistake; (3) unjust enrichment; (4) a violation of the North Carolina Reverse Mortgage Act; (5) breach of fiduciary duty; and (6) unfair and deceptive trade practices.
 

 On 31 July 2017, TSC filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure on the ground that the order entered by the assistant clerk of court authorizing the foreclosure had constituted a final judgment and that Plaintiffs' claims were therefore barred pursuant to the doctrine of collateral estoppel. TSC's motion was heard on 5 March 2018 before the Honorable Wayland J. Sermons, Jr. On 13 March 2018, the trial court entered an order denying TSC's motion. TSC gave notice of appeal to this Court.
 

 Analysis
 

 I. Appellate Jurisdiction
 

 Plaintiffs have moved to dismiss this appeal on the ground that the trial court's order was interlocutory. Therefore, we must initially determine whether we possess appellate jurisdiction.
 

 "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court."
 
 Duval v. OM Hospitality, LLC
 
 ,
 
 186 N.C. App. 390
 
 , 392,
 
 651 S.E.2d 261
 
 , 263 (2007) (citation omitted). Conversely, an order or judgment is interlocutory if it does not settle all of the issues in the case but rather "directs some further proceeding preliminary to the final
 
 *645
 
 decree."
 
 Heavner v. Heavner
 
 ,
 
 73 N.C. App. 331
 
 , 332,
 
 326 S.E.2d 78
 
 , 80,
 
 disc. review denied
 
 ,
 
 313 N.C. 601
 
 ,
 
 330 S.E.2d 610
 
 (1985).
 

 "Generally, there is no right of immediate appeal from interlocutory orders and judgments."
 
 Paradigm Consultants, Ltd. v. Builders Mut. Ins. Co.
 
 ,
 
 228 N.C. App. 314
 
 , 317,
 
 745 S.E.2d 69
 
 , 72 (2013) (citation and quotation marks omitted). The prohibition against interlocutory appeals "prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts."
 
 Russell v. State Farm Ins. Co.
 
 ,
 
 136 N.C. App. 798
 
 , 800,
 
 526 S.E.2d 494
 
 , 496 (2000) (citation and brackets omitted).
 

 However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. Second, an appeal is permitted under
 
 N.C. Gen. Stat. §§ 1-277
 
 (a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.
 

 N.C. Dep't of Transp. v. Page
 
 ,
 
 119 N.C. App. 730
 
 , 734,
 
 460 S.E.2d 332
 
 , 334 (1995) (internal citations omitted).
 

 The trial court's 13 March 2018 order was not a final judgment as it did not fully resolve the claims asserted by the parties. Nor did the trial court purport to certify it for immediate appeal under Rule 54(b). Therefore, TSC's appeal is proper only if it is able to demonstrate a substantial right that would be lost absent an immediate appeal.
 
 See
 

 Embler v. Embler
 
 ,
 
 143 N.C. App. 162
 
 , 166,
 
 545 S.E.2d 259
 
 , 262 (2001) ("The burden is on the appellant to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." (citation omitted)).
 

 It is well established that the denial of a motion for summary judgment "affects a substantial right when the motion ... makes
 
 *656
 
 a colorable assertion that [a] claim is barred under the doctrine of collateral estoppel."
 
 Turner v. Hammocks Beach Corp.
 
 ,
 
 363 N.C. 555
 
 , 558,
 
 681 S.E.2d 770
 
 , 773 (2009). "Under the collateral estoppel doctrine, parties and parties in privity with them are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination."
 

 Id.
 

 (citation, quotation marks, and ellipsis omitted). Thus, we must determine whether TSC has made a colorable
 
 *646
 
 argument that the doctrine of collateral estoppel applies in this context so as to enable us to exercise appellate jurisdiction over this appeal.
 

 Our Supreme Court addressed the applicability of collateral estoppel and res judicata in the foreclosure context in
 
 In re Lucks
 
 ,
 
 369 N.C. 222
 
 ,
 
 794 S.E.2d 501
 
 (2016). In
 
 Lucks
 
 , an acting substitute trustee under a deed of trust initiated a non-judicial foreclosure proceeding after the borrower on the note failed to make payments.
 
 Lucks
 
 ,
 
 369 N.C. at 224
 
 ,
 
 794 S.E.2d at 503
 
 . The assistant clerk of court refused to authorize the foreclosure based upon a lack of necessary documentation regarding the appointment of the substitute trustee.
 

 Id.
 

 The following year, a different acting substitute trustee brought another non-judicial foreclosure proceeding. At the second hearing, the assistant clerk determined that "proper documentation established that [the prior acting trustee] was the Trustee at the time of the prior dismissal[.]"
 

 Id.
 

 (quotation marks and brackets omitted). The assistant clerk further ruled that the second acting substitute trustee was in privity with the prior substitute trustee and refused to authorize foreclosure based on the doctrine of res judicata.
 

 Id.
 

 On appeal, our Supreme Court held that the assistant clerk had erred by applying res judicata principles because "[n]on-judicial foreclosure is not a judicial action."
 
 Id.
 
 at 229,
 
 794 S.E.2d at 507
 
 . The Court explained its ruling as follows:
 

 [T]he Rules of Civil Procedure and traditional doctrines of res judicata and collateral estoppel do not apply. To the extent that prior case law implies otherwise, such cases are hereby overruled. While it is true that [the creditor] is barred from proceeding again with non-judicial foreclosure based on the
 
 same default
 
 , [the creditor] may nonetheless proceed with foreclosure by judicial action. [The creditor] may also proceed with non-judicial foreclosure based upon a
 
 different default
 
 .
 

 Id.
 

 The Supreme Court has not yet had occasion to decide whether the ruling in
 
 Lucks
 
 applies in the converse situation where, as here, a clerk enters an unappealed order
 
 allowing
 
 a non-judicial foreclosure to proceed. We find instructive, however, several federal decisions interpreting
 
 Lucks
 
 . For example,
 
 Vicks v. Ocwen Loan Servicing, LLC
 
 , 3:16-cv-00263,
 
 2017 WL 2490007
 
 (W.D.N.C. June 8, 2017) concerned a non-judicial foreclosure action in which the clerk of court entered an order authorizing a creditor to proceed with foreclosure. The borrower
 
 *647
 
 on the note subsequently filed multiple lawsuits "trying to get [the] loan servicer to stop attempting to complete [the] foreclosure action."
 
 Id.
 
 at *1.
 

 The United States District Court for the Western District of North Carolina held that the borrower's attempts to relitigate the validity of the creditor's right to foreclose were barred by the doctrines of collateral estoppel and res judicata.
 
 Id.
 
 at *2. In explaining its reasoning, the court distinguished the facts of the case from
 
 Lucks
 
 :
 

 Plaintiffs cite to
 
 In re Lucks
 
 for the proposition that the doctrines of collateral estoppel and res judicata do not apply to non-judicial foreclosure actions. In that case, however, the North Carolina Supreme Court held that the doctrines do not apply in their "traditional" sense in that once the clerk or trial court denies authorization for a foreclosure sale, a creditor may not seek a non-judicial foreclosure based on the
 
 same default
 
 . The creditor may nonetheless proceed with foreclosure by judicial action or proceed with foreclosure based upon a
 
 different default
 
 . Accordingly, contrary to Plaintiff's assertion,
 
 In re Lucks
 
 did not hold that res judicata and collateral estoppel do not apply to the circumstances presented in this case.
 

 Id
 
 . at *2, n. 3 (internal citations and quotation marks omitted).
 

 *657
 
 The United States Bankruptcy Court for the Eastern District of North Carolina reached a similar result in
 
 In re Burgess
 
 ,
 
 575 B.R. 330
 
 (Bankr. E.D.N.C. 2017). In
 
 Burgess
 
 , a debtor brought an action alleging that the creditor was not the actual holder of a deed of trust applicable to a portion of the debtor's real property and therefore not entitled to initiate foreclosure proceedings pursuant to the deed of trust.
 

 Id.
 

 at 334
 
 . In response, the creditor filed a motion to dismiss the action under the doctrines of res judicata and collateral estoppel, arguing that it had previously obtained an order from the clerk of court authorizing the foreclosure prior to the debtor's filing of a bankruptcy petition.
 

 Id.
 

 at 335
 
 .
 

 The bankruptcy court noted its agreement with the ruling in
 
 Vicks
 
 that the Supreme Court's holding in
 
 Lucks
 
 with regard to the applicability of res judicata and collateral estoppel to non-judicial foreclosure proceedings is limited to situations "where the clerk
 
 denied
 
 authorization for a foreclosure sale[,]"
 

 id.
 

 at 343
 
 , concluding as follows:
 

 [Debtor's] claims all rest on whether or not [the creditor] is the valid holder of the Note and Deed of Trust, and that
 
 *648
 
 those matters were conclusively established by the clerk in entering the foreclosure order. Accordingly, each of the five claims set out in the Complaint are barred by the doctrines of collateral estoppel and res judicata, and accordingly must be dismissed.
 

 Id.
 

 at 344
 
 .
 

 Although we are, of course, not bound by federal decisions on issues arising under North Carolina law, the analyses in
 
 Vicks
 
 and
 
 Burgess
 
 are both relevant and helpful in deciding this issue.
 
 See
 

 Lackey v. N.C. Dep't of Human Res.
 
 ,
 
 306 N.C. 231
 
 , 236,
 
 293 S.E.2d 171
 
 , 175 (1982) ("These federal decisions ... are not ... controlling on this court. However, we do deem them to be persuasive authority on the relevant issues." (internal citation omitted)). We find the logic of
 
 Vicks
 
 and
 
 Burgess
 
 to be compelling and agree that
 
 Lucks
 
 simply stands for the proposition that the doctrines of res judicata and collateral estoppel do not apply in situations where foreclosure
 
 was not authorized
 
 by the clerk of court.
 

 Based on our careful reading of
 
 Lucks
 
 , we do not believe the Supreme Court intended for its holding to apply to the opposite situation - that is, where a clerk enters an order
 
 authorizing
 
 foreclosure. Otherwise, without the applicability of res judicata or collateral estoppel in such circumstances, a lender would potentially be forced to relitigate basic issues relating to the validity of the foreclosure that had already been decided in its favor, which would be inimical to the goal of establishing with finality the rights of the parties under these circumstances. Here, because TSC's right to foreclose
 
 was
 
 authorized by the Dare County assistant clerk, we hold that res judicata and collateral estoppel are, in fact, potentially applicable to Plaintiffs' claims. Thus, we possess jurisdiction over this appeal, and Plaintiffs' motion to dismiss the appeal is denied.
 

 II. Application of Collateral Estoppel to Plaintiffs' Claims
 

 We must next determine whether collateral estoppel actually serves to bar Plaintiffs' claims in the present case. "Our standard of review of an appeal from summary judgment is
 
 de novo
 
 ; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (citation and quotation marks omitted).
 

 Under the doctrine of collateral estoppel, "the determination of an issue in a prior judicial ... proceeding precludes the relitigation of that
 
 *649
 
 issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding."
 
 Whitacre P'ship v. Biosignia, Inc.
 
 ,
 
 358 N.C. 1
 
 , 15,
 
 591 S.E.2d 870
 
 , 880 (2004). Collateral estoppel "precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim."
 

 Id.
 

 (citation omitted).
 

 Pursuant to
 
 N.C. Gen. Stat. § 45-21.16
 
 (d), the issues to be determined by the clerk in a non-judicial foreclosure proceeding include "the existence of (i) valid debt of which the
 
 *658
 
 party seeking to foreclose is the holder, (ii) default
 
 ,
 
 (iii) right to foreclose under the instrument, [and] (iv) notice to those entitled[.]"
 
 Funderburk v. JPMorgan Chase Bank, N.A.
 
 ,
 
 241 N.C. App. 415
 
 , 422,
 
 775 S.E.2d 1
 
 , 6 (2015) (citation and emphasis omitted).
 

 Plaintiffs first contend that they did not receive an adequate opportunity to litigate the issue giving rise to their present complaint at the foreclosure proceeding before the assistant clerk because they were not put on notice that the foreclosure sale would encompass the land upon which Peele's residence was situated. The record shows, however, that Plaintiffs were notified of the date of the foreclosure hearing by means of a notice that was mailed to them on 27 March 2015. This notice contained the description of the property secured by the Deed of Trust upon which TSC intended to foreclose.
 

 Plaintiffs next argue that the claims asserted in their complaint are not barred by collateral estoppel because they "were not brought in - and could not have been brought in - the non-judicial foreclosure proceeding[.]" We find our decision in
 
 Funderburk
 
 to be instructive in addressing their argument. In that case, the creditor initiated non-judicial foreclosure proceedings on eight of the borrowers' properties and "foreclosure hearings were held in which the clerk entered orders authorizing foreclosure sales of all eight properties."
 

 Id.
 

 at 417
 
 ,
 
 775 S.E.2d at 3
 
 . The borrowers later asserted causes of action for,
 
 inter alia
 
 , breach of contract, promissory estoppel, and negligent misrepresentation.
 

 Id.
 

 On appeal, this Court stated that "the orders of the clerk ... allowing foreclosure on the eight properties in the prior foreclosure proceedings are conclusive on the issue of default and other issues required to be determined under
 
 N.C. Gen. Stat. § 45-21.16
 
 , barring relitigation."
 

 Id.
 

 at 423
 
 ,
 
 775 S.E.2d at 6
 
 . We further noted that "a review of the amended complaint shows that all damages alleged by plaintiffs stem from the foreclosures of the properties."
 

 Id.
 

 at 423
 
 ,
 
 775 S.E.2d at 7
 
 . Consequently,
 
 *650
 
 we held that the borrowers' claims were "barred by the final determinations as to the rights of the parties in the foreclosure proceedings."
 

 Id.
 
 See also
 

 Phil Mech. Constr. Co., Inc. v. Haywood
 
 ,
 
 72 N.C. App. 318
 
 , 322,
 
 325 S.E.2d 1
 
 , 3 (1985) ("Since plaintiffs did not perfect an appeal of the order of the Clerk of Superior Court, the clerk's order is binding and plaintiffs are estopped from arguing those same issues in this case.").
 

 We are also guided by our Supreme Court's decision in
 
 In re Michael Weinman Assocs. Gen. P'Ship
 
 ,
 
 333 N.C. 221
 
 ,
 
 424 S.E.2d 385
 
 (1993), which addressed the issue of "whether evidence that property is no longer or should no longer be secured by a deed of trust qualifies as a defense which can be considered by the Clerk in making the four findings required by
 
 N.C. Gen. Stat. § 45-21.16
 
 (d)."
 

 Id.
 

 at 226
 
 ,
 
 424 S.E.2d at 388
 
 . The Court concluded that "determining which property is legally secured by a deed of trust is a proper issue and element of proof before the Clerk of Superior Court."
 
 Id.
 
 at 228,
 
 424 S.E.2d at 389
 
 .
 

 In the present case, Plaintiffs did not appeal the order of the Dare County assistant clerk authorizing foreclosure under the Deed of Trust despite their ability to have done so. Therefore, we are satisfied that Plaintiffs were properly notified of the proceeding and "enjoyed a full and fair opportunity to litigate" the threshold issue of whether TSC was authorized to foreclose pursuant to the Deed of Trust.
 
 Whitacre P'ship
 
 ,
 
 358 N.C. at 15
 
 ,
 
 591 S.E.2d at 880
 
 . As a result, our final inquiry is whether the assistant clerk's resolution of the issues addressed in its order is fatal to the claims Plaintiffs have asserted in their complaint. In making such a determination, we must consider whether any of the claims in Plaintiffs' complaint raise issues that were not conclusively determined by the clerk.
 

 As noted above, Plaintiffs' complaint asserts six claims for relief: (1) a declaration that the foreclosure sale was a nullity; (2) mutual mistake; (3) unjust enrichment; (4) a violation of the Reverse Mortgage Act; (5) breach of fiduciary duty; and (6) unfair and deceptive trade practices.
 

 *659
 
 Plaintiffs' claims seeking a declaratory judgment that the foreclosure is "a nullity" and asserting mutual mistake and unjust enrichment are all premised upon an alleged mistake in the description of the property in the Deed of Trust. As such, these arguments merely constitute a collateral attack on TSC's right to foreclose upon the property under the Deed of Trust. These issues were all previously determined by the clerk in its 16 July 2015 order. Therefore, we hold that Plaintiffs are collaterally estopped from raising these claims in this lawsuit. Plaintiffs' claims for breach of fiduciary duty and unfair and deceptive
 
 *651
 
 trade practices are likewise barred under principles of collateral estoppel because the conduct upon which these causes of action are based is the foreclosure itself.
 

 Finally, we reach the same conclusion with respect to Plaintiffs' claim under the Reverse Mortgage Act.
 
 N.C. Gen. Stat. § 53-271
 
 (d) provides that "[a] person damaged by a lender's actions may file an action in civil court to recover actual and punitive damages."
 
 N.C. Gen. Stat. § 53-271
 
 (d) (2017). As noted above, in
 
 Funderburk
 
 this Court held that damages stemming from issues conclusively established in a foreclosure proceeding could not be recovered in a subsequent lawsuit.
 
 See
 

 Funderburk
 
 ,
 
 241 N.C. App. at 423
 
 ,
 
 775 S.E.2d at 7
 
 . Here, the damages alleged by Plaintiffs with regard to their claim that Defendants violated the Reverse Mortgage Act are based upon the "loss of use and enjoyment of the property, loss of rents, and physical damage to the property ... by the actions of the defendants[.]" Thus, it is clear that the damages Plaintiffs seek to recover on this claim - as with their other causes of action - flow directly from the foreclosure itself. For this reason, Plaintiffs are collaterally estopped from asserting this claim.
 

 Conclusion
 

 For the reasons stated above, we reverse the trial court's 13 March 2018 order and remand for the entry of an order granting summary judgment in favor of TSC.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 Judge INMAN concurs.
 

 Judge BRYANT concurs in the result only.
 

 This opinion was authored by Judge Davis prior to 25 March 2019.