NEWBY, Justice.
The contractual right of foreclosure by power of sale under a deed of trust is a non-judicial proceeding. In the comprehensive statutory framework governing non-judicial foreclosure by power of sale set forth in Chapter 45 of our General Statutes, the General Assembly *223 has prescribed certain minimal judicial procedures, including requiring notice and a hearing designed to protect the debtor’s interest. The hearing official then authorizes the foreclosure to proceed or refuses to do so. In this informal setting, a creditor must establish, among other things, the existence of a debt, default, and its right to foreclose, and a debtor may raise evidentiary challenges. The Rules of Civil Procedure applicable to formal judicial actions do not apply. The debtor has the option to file a separate judicial action to enjoin the foreclosure.
Here, because the creditor failed to establish the substitute trustee’s authority to foreclose under the deed of trust, the trial court properly refused to authorize the creditor to proceed with the foreclosure. Nonetheless, the trial court erroneously entered a “dismissal with prejudice.” The refusal to authorize the creditor to proceed is not a “dismissal”; it does not implicate res judicata or collateral estoppel in the traditional sense. While the creditor may not proceed with non-judicial foreclosure on the same default, it may proceed on the same default through foreclosure by judicial action. The creditor may also proceed non-judicially under power of sale based upon a different default. Because the Court of Appeals erred by finding that the creditor established the successor trustee’s authority to proceed under the deed of trust, we reverse the decision of that court, which reversed the trial court’s evidentiary ruling.
In July 2006, Gordon F. Lucks (borrower) executed a promissory note with IndyMac Bank, F.S.B. (the Note) in the principal amount of $225,000 to purchase real property situated in Buncombe County. The debt is repayable through monthly installments, with each payment due on the first of the month, and matures on 1 August 2036. The Note includes default and acceleration provisions.
At the same time, borrower executed a deed of trust on the property, naming Robert R Tucker II as trustee, which was recorded with the Buncombe County Register of Deeds. The deed of trust provides for non-judicial foreclosure by power of sale. Deutsche Bank National Trust Company (Deutsche Bank)[1] currently holds the Note and asserts that borrower “has not paid any amount due and owing under the Note since October 1, 2010.”
*224 In September 2013, the Ford Firm, acting as substitute trustee under the deed of trust, initiated a hearing for non-judicial foreclosure under N.C.G.S. § 45-21.16 for borrower’s failure to make payments. The Assistant Clerk of Superior Court, Buncombe County “dismissed” the case for failure to present documentation appointing the Ford Firm as substitute trustee.
In June 2014, Cornish Law, PLLC, now acting as substitute trustee, initiated a new hearing for non-judicial foreclosure based on borrower’s failure to make payments.[2] The Assistant Clerk found proper documentation established that “The Ford Firm was the Trustee at the time of the [prior] dismissal,” and since “Cornish Law, PLLC is in privity with The Ford Firm,” the “action is barred by Res Judicata” and again “dismissed” the case. Deutsche Bank appealed the matter to superior court. See N.C.G.S. § 45-21.16(dl) (2015).
At the de novo hearing in superior court, Deutsche Bank tendered a series of documents to establish the substitute trustee’s right to proceed with non-judicial foreclosure, which included various copies of powers of attorney. One such document, marked “Exhibit 4,” is the crucial document at issue in this appeal, without which the substitute trustee lacks authority to act under the deed of trust. The document is purported to be a limited power of attorney appointing a service company to act on Deutsche Bank’s behalf, which, in turn, was relied upon to appoint the substitute trustee.[3]
Deutsche Bank called a witness who testified that she was “employed by” the service company, but Deutsche Bank did not establish her position, role, or duties in the handling of records. Regarding the document marked Exhibit 4, the employee stated that a different firm “prepared the power of attorney,” that “normally we record the power of attorneys,” and that, “[i]n this case we try to record it to the state ... where the headquarters would be,” which she “believe[d] . . . would be Charlotte.” The City of Charlotte is located in Mecklenburg County.
*225 Deutsche Bank tendered Exhibit 4, which is a photocopy, fourteen pages in length, signed by a Bank officer on 21 November 2013 and notarized. The last page revealed a recording stamp from the Register of Deeds in Montgomery County, not Mecklenburg County, which states the document was recorded in 2010, three years before the purported execution, and that the document is eleven pages in length, not fourteen. Borrower objected to the Exhibit’s admission into evidence, noting the “recording information appears to precede the date of signatory on that instrument.” Counsel for Deutsche Bank stated that she “believe[d] that was an error in stapling the exhibit.” Nonetheless, no witness testified about the discrepancy. Deutsche Bank did not request the trial court take judicial notice of any recorded version of Exhibit 4 or make other arguments for the admission of Exhibit 4.
The trial court sustained borrower’s objection to the admission of Exhibit 4 for “failure to provide a proper foundation and hearsay,” noting that “the document is internally inconsistent” and “has inconsistent dates.” Because Exhibit 4 is essential in establishing the substitute trustee’s authority to proceed with the foreclosure, the trial court “dismissed with prejudice” the case for insufficient evidence. Deutsche Bank timely appealed the matter to the Court of Appeals.
In a divided opinion, the Court of Appeals reversed the trial court’s dismissal. In re Foreclosure of Lucks, _ N.C. App. _, 785 S.E.2d 185, 2016 WL 1321155 (2016) (unpublished). The majority noted that “the evidentiary rules are slightly more relaxed in the context of a foreclosure hearing than in normal litigation,” id., 2016 WL 1321155, at *2, and concluded that the trial court erred by sustaining borrower’s objection to Exhibit 4 “on the basis of lack of ‘proper foundation and hearsay,’ ” id. at *3. The dissent opined that any relaxation of the evidentiary rules “is not supported by citation or case law,” id. at *4 (Hunter, J., dissenting), and, noting borrower failed to establish alternative means to admit Exhibit 4, concluded the trial court properly excluded the Exhibit, id. at *7.. Borrower appeals as a matter of right.
Non-judicial foreclosure by power of sale arises under contract and is not a judicial proceeding. See In re Foreclosure of Michael Weinman Assocs. Gen. P’ship, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993) (A' power of sale is contractual and allows the creditor to sell the mortgaged property “without any order of court in the event of a default.” (quoting James A. Webster, Jr., Webster’s Real Estate Law in North Carolina § 281, at 331 (Patrick K-Hetrick & James B. McLaughlin, Jr. eds., 3d ed. *226 1988))). Though states have adopted differing views,[4] by at least 1830, North Carolina had allowed power of sale foreclosures under deed of trust. See Harrison v. Battle, 16 N.C. (1 Dev. Eq.) 537, 542 (1830).
The General Assembly has crafted Chapter 45 to be the comprehensive and exclusive statutoiy framework governing non-judicial foreclosures by power of sale. E.g., N.C.G.S. §§ 45-21.16 (2015) (notice and hearing requirements), -21.26 (2015) (reporting of sale), -21.27 (2015) (upset bid), -21.29 (2015) (orders for possession); see also Durant M. Glover, Comment, Real Property—Changes in North Carolina’s Foreclosure Law, 54 N.C. L. Rev. 903, 913-15 (1976) (discussing the evolution of non-judicial foreclosure statutes). The Rules of Civil Procedure do not apply unless explicitly engrafted into the statute. E.g., N.C.G.S. § 45-21.16(a) (requiring service as “provided by the Rules”); see also In re Ernst & Young, LLP, 363 N.C. 612, 620, 694 S.E.2d 151, 156 (2009) (holding that N.C.G.S. § 105-258(a) (2007) prescribed “its own specialized procedure that supplants the Rules”). By establishing an exclusive procedure, non-judicial foreclosure does not require the filing of an action.[5] Nonetheless, Chapter 45 does require a minimal degree of judicial oversight for the sole purpose of requiring a creditor to establish its right to proceed with the foreclosure. See N.C.G.S. § 45-21.16(d). The creditor must give notice of a hearing. Id. § 45-21.16(a). Given the fluid nature of the debtor-creditor relationship and the state and federal oversight of foreclosure proceedings,[6] there are multiple reasons why a creditor might choose not to proceed with the hearing. For example, a debtor may seek to remit late mortgage payments, or changes in law may alter foreclosure requirements, thus affecting the creditor’s ability to *227 proceed. Such a decision to refrain from proceeding is not a “dismissal” but simply a withdrawal of the notice and has no collateral consequence.
Section 45-21.16 requires a creditor to give the debtor adequate notice of a hearing, which initially occurs before the clerk of court. See id. § 45-21.16(a), (d); see also In re Foreclosure of Goforth Props., Inc., 334 N.C. 369, 374, 432 S.E.2d 855, 858 (1993) (Section 45-21.16 does not “alter the essentially contractual nature of the remedy, but rather [ ] satisfies] the minimum due process requirements.” (quoting In re Foreclosure of Burgess, 47 N.C. App. 599, 603, 267 S.E.2d 915, 918, appeal dismissed, 301 N.C. 90 (1980))). The statute provides for a relaxation in the formal rules of evidence at the hearing. See N.C.G.S. § 45-21.16(d) (“The clerk . . . may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents.”). The creditor must show the existence of (i) a valid debt, (ii) default, (iii) the right to foreclose, (iv) notice, and (v) “home loan” classification and applicable pre-foreclosure notice, and (vi) that the sale is not barred by the debtor’s military service. Id. The evidentiary rules are the same when the trial court conducts a de novo hearing on an appeal from the clerk’s decision. See id. § 45-21.16(dl).[7]
At the hearing the debtor is free to raise evidentiary objections “tending to negate any of the [ ] findings required under N.C.G.S. § 45-21.16,” In re Goforth Props., 334 N.C. at 374-75, 432 S.E.2d at 859, or the debtor may seek to enjoin the foreclosure in a separate judicial action, N.C.G.S. § 45-21.34 (2015); see also id. § 45-21.17A(f), (g) (2015) (setting requirements for bringing actions to set aside the sale for failure to provide notice). Once the creditor has established the various elements of N.C.G.S. § 45-21.16(d), “the clerk shall authorize the [creditor] to proceed under the instrument.” Id. § 45-21.16(d).
If the clerk or trial court does not find the evidence presented to be adequate to “authorize” the foreclosure sale, this finding does not implicate res judicata or collateral estoppel in the traditional sense. See Note, The Model Power of Sale Mortgage Foreclosure Act—An Appraisal, 27 Va. L. Rev. 926, 929 (1941) (“[T]he principle of res adjudicata is therefore not applicable to” the “extra-judicial method of foreclosure.”). While the creditor is prohibited from proceeding again with a nonjudicial foreclosure on the same default, the creditor can proceed with a judicial foreclosure. See N.C.G.S. § 45-21.2 (2015) (“This Article does *228 not affect any right to foreclosure by action in court_”). Likewise, the creditor may proceed non-judicially on another default.
. “The competency, admissibility, and sufficiency of the evidence is a matter for the [trial] court to determine.” Queen City Coach Co. v. Lee, 218 N.C. 320, 323, 11 S.E.2d 341, 343 (1940). We review the trial court’s exclusion of documentary evidence under the hearsay rule for abuse of discretion. See State v. Blake, 317 N.C. 632, 637-38, 346 S.E.2d 399, 402 (1986); accord Home v. Owens-Corning Fiberglas Corp., 4 F.3d 276, 283-84 (4th Cir. 1993). “A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision.” State v. Riddick, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (citing, inter alia, White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).
The precise question before this Court is whether the trial court abused its discretion by finding Deutsche Bank failed to establish the appointment of the substitute trustee, a prerequisite to its right to proceed with non-judicial foreclosure, and if so, what is the effect of that decision. Exhibit 4 is essential to the substitute trustee’s appointment. Though the Court of Appeals majority was correct in noting that the evi-dentiary rules are more relaxed in the non-judicial foreclosure setting, given the significant internal inconsistencies in the power of attorney at issue and Deutsche Bank’s failure to present alternative grounds for admissibility, we conclude that the trial court did not abuse its discretion in refusing to admit Exhibit 4 into evidence.
Exhibit 4 is plainly internally inconsistent. See 5 John Henry Wigmore, Evidence in Trials at Common Law §§ 1421, 1422, at 253-54 (James H. Chaboum ed., 1974) (Trustworthiness and necessity are the hallmarks of admissibility.) Deutsche Bank tendered the Exhibit as a photocopy, fourteen pages in length, executed in 2013. The last page, which contains a recording stamp from the “Montgomery County, NC” Register of Deeds, indicates the Exhibit is only eleven pages in length and was recorded in 2010. Cf. id. § 1557, at 481 (explaining that “specific errors” undermine a record’s trustworthiness (emphasis omitted)). While there were ways to overcome the inconsistency, none were effectuated here. See, e.g., N.C.G.S. § 45-10(a) (2015) (allowing noteholder to appoint substitute trustee directly); id. § 45-21.16(d) (allowing “affidavits and certified copies”); see also id. § 8C-1, Rule 201(d) (2015) (judicial notice); id., Rule 803(6) (2015) (business records). Deutsche Bank could have provided a photocopy of the recorded document from the proper county register of deeds, but did not do so. See id. § 47-28(a) *229 (2015) (“[P]owers of attorney affecting real property . . . shall be registered in the office of the register of deeds of the county in which the principal is domiciled or where the real property lies.”).
Though the superior court correctly refused to authorize the substitute trustee to proceed, the court erroneously entered a “dismissal with prejudice.” Non-judicial foreclosure is not a judicial action; the Rules of Civil Procedure and traditional doctrines of res judicata and collateral estoppel applicable to judicial actions do not apply. To the extent that prior case law implies otherwise, such cases are hereby overruled. While it is true that Deutsche Bank is barred from proceeding again with non-judicial foreclosure based on the same default, the Bank may nonetheless proceed with foreclosure by judicial action.[8] The Bank may also proceed with non-judicial foreclosure based upon a different default. The trial court’s order is to be interpreted consistent with this analysis.
Though the evidentiary requirements under non-judicial foreclosure proceedings are relaxed and there were ways to overcome the Exhibit’s inconsistencies, we cannot conclude the trial court had no reasonable basis to exclude Exhibit 4. Accordingly, we reverse the decision of the Court of Appeals, which reversed the evidentiary ruling of the trial court.
REVERSED.

. Deutsche Bank National Trust Company acts as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-D, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-D, under the Pooling and Servicing Agreement dated September 1, 2006, the purported beneficiary under the deed of trust.

. It is unclear from the record if the new substitute trustee was proceeding under a different default.

. Deutsche Bank tendered, inter alia, an exhibit appointing Cornish Law, PLLC, as substitute trustee, which was executed by a representative of the service company, acting on the Bank’s behalf. See N.C.G.S. § 45-10(a) (2016) (allowing the noteholder to appoint a successor trustee). Because a break in any one link in the chain leading to the appointment of the substitute trustee deprives the creditor of the authority to foreclose under the deed of trust, we need not analyze the other alleged deficiencies. See Smith v. Allen, 112 N.C. 223, 225-26, 16 S.E. 932, 932 (1893) (citing Hill v. Wilton, 6 N.C. (2 Mur.) 14, 18 (1811)).

. See 1 Grant S. Nelson et al., Real Estate Finance Law § 7:20, at 944 & nn.1, 2 (6th ed. 2014) (noting that thirty-five jurisdictions allow non-judicial foreclosure by power of sale, of which North Carolina and Colorado are the only states requiring an “opportunity for a hearing before the foreclosure sale”); compare, e.g., Ex parte GMAC Mortg., LLC, 176 So. 3d 845, 848-49 (Ala. 2013) (no judicial oversight), with Handler Constr., Inc. v. CoreStates Bank, N.A., 633 A.2d 356, 362-63 (Del. 1993) (foreclosure only available by judicial action).

. “Any notice, order, or other papers required by this Article to be filed in the office of the cleric of superior court shall be filed in the same manner as a special proceeding.” N.C.G.S. § 45-21.16(g).

.See, e.g., Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3751-3768 (2012) (governing non-judicial power of sale foreclosure of mortgages held by the Department of Housing and Urban Development on single-family homes, thereby preempting state law); see also 12 C.F.R. § 1024.41(g) (2016) (prohibiting foreclosure sale under certain circumstances “[i]f a borrower submits a complete loss mitigation application”).

. “The act of the clerk in so finding or refusing to so find is a judicial act and may be appealed to” the appropriate trial court. N.C.G.S. § 45-21.16(dl).

. The Note indicates payments are due in monthly installments on the first day of the month, maturing on 1 August 2036.