HUNTER, JR., Robert N., Judge.
Croswell Roberson, III and Nina D. Roberson ("Plaintiffs") appeal from the trial court's order dismissing Plaintiffs' complaint with prejudice. Plaintiffs contend the trial court erred in failing to dismiss a special foreclosure proceeding with prejudice based on res judicata. We disagree and therefore affirm the trial court.
I. Factual and Procedural History
This action arises out of a loan agreement entered into by Plaintiffs on 7 September 2007. Plaintiffs secured a loan through a deed of trust on property located at 4833 North Hills Drive, Raleigh, North Carolina. In October 2009, Plaintiffs failed to pay the loan in accordance with the loan agreement and were in default. The holder of the note subsequently accelerated the note, and declared the total payments on the note immediately payable and due.
The trustee at the time was Ocwen Loan Servicing, LLC ("Ocwen"). Ocwen initiated a foreclosure action against Plaintiffs. On 12 August 2010, the Wake County Clerk of Court entered an order authorizing Ocwen to proceed with foreclosure. Plaintiffs appealed the Clerk's order to Superior Court. There, the trial court found the Plaintiffs were in default. However, the trial court also concluded "[b]ecause there is no evidence that the loan agreement in this case was indorsed or otherwise transferred to the creditor in this case (Ocwen Loan Servicing, LLC), there is insufficient evidence that the creditor in this matter is the holder of a valid debt."
On 26 January 2012, a second foreclosure action began in the Clerk of Court's office in Wake County. This time the trustee was Nationstar Mortgage, LLC ("Nationstar")[1] . On 21 February 2013, the Wake County Clerk of Court authorized Nationstar to foreclose. Plaintiffs appealed. On 5 January 2016, the trial court dismissed the case due to Nationstar's failure to prosecute.
Defendant Trustee Services of Carolina, LLC ("TSC") serves as the current trustee of the deed of trust. Defendant Caliber Home Loans, Inc. ("Caliber") is now the loan servicer for the loan. On 23 February 2017, the Defendants filed a "notice of hearing" in an effort to begin foreclosure proceedings against Plaintiffs.
In a complaint filed 21 March 2017, Plaintiffs asked the trial court to dismiss the third special proceeding with prejudice based on res judicata. In response to this complaint, Defendant TSC filed a motion to dismiss Plaintiffs' complaint on 8 May 2017. On that same day, Defendant Caliber also filed a motion to dismiss.
On 2 June 2017, Plaintiffs filed a motion for summary judgment to dismiss Defendants' foreclosure proceeding with prejudice.
On 28 June 2017, the trial court filed two orders. One order granted Defendants' motions to dismiss. The other order denied Plaintiffs' motion for summary judgment.
On 26 July 2017, Plaintiffs filed a notice of appeal with this Court. In that notice, Plaintiffs gave "notice of appeal ... from the order entered by The Honorable Robert H. Hobgood Wake County Superior Court Judge Presiding entered and dated June 28, 2017. This order dismissed the plaintiffs' claims against the defendants'."
II. Standard of Review
The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper when one of the following three conditions is satisfied: (1) the compliant on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. On appeal of a 12(b)(6) motion to dismiss, this Court conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.
Burgin v. Owen , 181 N.C. App. 511, 512, 640 S.E.2d 427, 428-29 (2007) (citations and quotation marks omitted).
III. Analysis
At the outset we note Plaintiffs did not notice an appeal of the trial court's 28 June 2017 order denying Plaintiffs' motion for summary judgment when they filed their notice of appeal on 26 July 2017. The notice of appeal fails to reference the order by which the trial court denied Plaintiffs' motion for summary judgment. "[An] appellant must appeal from each part of the judgment or order appealed from ... in order for the appellate court to be vested with jurisdiction to determine such matters." Smith v. Independent Life Ins. Co. , 43 N.C. App. 269, 272, 258 S.E.2d 864, 866 (1979).
In their brief to this Court Plaintiffs contend the doctrine of res judicata controls. Here, Plaintiffs theorize the trial court's dismissal with prejudice should be considered an adjudication on the merits and cite to Rule 41(b) of the North Carolina Rules of Civil Procedure. However, Plaintiffs ignore our State Supreme Court's directive in In re Lucks , 369 N.C. 222, 794 S.E.2d 501 (2016). In that case, the Supreme Court stated a lender is not prejudiced by the traditional doctrines of res judicata and collateral estoppel when a trial court denies a non-judicial foreclosure request. Id. at 227, 794 S.E.2d at 506. That Court stated, "[i]f the clerk or trial court does not find the evidence presented to be adequate to 'authorize' the foreclosure sale, this finding does not implicate res judicata or collateral estoppel in the traditional sense." Id. at 227, 794 S.E.2d at 506. The lender is only precluded "from proceeding again with non-judicial foreclosure based on the same default. " Id. at 229, 794 S.E.2d at 507.
Here, Plaintiffs do not allege the current default is the same default as the two previous ones. Therefore, Plaintiffs reliance on any form of res judicata is misplaced. Had the Plaintiffs shown this was the same default, the appropriate remedy for Plaintiffs would have been to seek an injunction from the trial court precluding Defendants from foreclosing based on that particular default. See N.C. Gen. Stat. § 45-21.34 (2017).
Because Plaintiffs fail to show or otherwise allege this is an old default, and because the Plaintiffs failed to independently ask the trial court for injunctive relief, we must affirm the trial court's order dismissing Plaintiffs' claim.
AFFIRMED.
Report per Rule 30(e).
Judges DIETZ and ZACHARY concur.

Ocwen transferred its interest in the promissory note and Deed of Trust to Nationstar.