ZACHARY, Judge.
 

 *632
 
 David and Marilyn Frucella ("Respondents") appeal from a trial court's order allowing CitiMortgage, Inc. to foreclose on their home under the power of sale provision in their deed of trust, arguing that
 
 *633
 
 CitiMortgage was not the holder of the Note, which was lost. We find that CitiMortgage satisfied the statutory provisions for enforcement of a lost note, and was permitted by law to enforce the Note. Therefore, we affirm the trial court's order.
 

 Background
 

 On 28 June 1985, Respondents executed an Adjustable Rate Note ("Note") in the amount of $191,000 for their new home on Wharton Lane in Matthews, North Carolina, naming The Lomas & Nettleton Company as lender. On that same day, Respondents executed a deed of trust on the property to secure the loan evidenced by the Note. The deed of trust contained a power of sale clause permitting the lender to sell the residence in the event the Frucellas defaulted on their obligation to pay the Note. On 5 November 1997, an instrument titled "Substitution of Trustee" was recorded, providing in part that "Crestar Bank is now the owner and holder of said Note and lien created by the foregoing Deed of Trust[.]" On 21 January 2003, another document titled "Substitution of Trustee" was recorded, providing in part that "SunTrust Bank, Inc. is now the owner and holder of said Note and lien created by the foregoing Deed of Trust."
 

 Respondents made their last payment on the Note on 10 August 2010, bringing the loan current through June 2010. Nine months later CitiMortgage, acting as the attorney-in-fact for The Lomas & Nettleton Company, assigned the deed of trust at issue to CitiMortgage. Respondents were then given notice
 
 *251
 
 of their default by letter from CitiMortgage on 23 December 2010. A non-judicial foreclosure proceeding was commenced on 20 June 2011, but was dismissed without prejudice by order of the Clerk on 1 April 2013.
 

 Another non-judicial foreclosure proceeding was commenced on 28 January 2015 and was heard before the Clerk of Superior Court of Mecklenburg County on 5 April 2017, and the Clerk entered an Order allowing the foreclosure sale. Respondents appealed to Superior Court, and this matter was heard by the Honorable Carla N. Archie on 24 August 2017. At the hearing, the trial court was presented with two lost note affidavits of April Daniels, employed by CitiMortgage as an Assistant Vice President, Assistant Officer Legal Support. One of the Daniels affidavits stated that subsequent to the execution of the Loan, the Note was transferred to CitiMortgage and that after the Loan was transferred, the original Note was lost. The other Daniels affidavit stated,
 
 inter alia
 
 , that: (1) "At the time CitiMortgage, Inc. lost possession of the original Note, such party had the right to enforce the Note and Deed of Trust[,]" (2) "The loss of possession of the Note is not the result of the original
 
 *634
 
 Note being assigned, endorsed, or delivered to another party, cancelled, pledged, hypothecated or otherwise transferred, nor was the loss of possession the result of a lawful seizure of the Note[,]" and (3) "After a good faith, thorough and diligent manual search, the hard copy collateral file pertaining to the Loan (which pursuant to CitiMortgage, Inc.'s regular business practice would be expected to contain the original note) was not located."
 

 On 3 October 2017, the trial court entered an order allowing the foreclosure sale. The trial court found:
 

 12. After the Note and Deed of Trust were transferred to CitiMortgage, the original Note was lost. CitiMortgage offered testimony by affidavit that 1) CitiMortgage was in possession at the time the original Note was lost or destroyed; 2) after a good faith, thorough and diligent manual search, CitiMortgage was not able to locate the Note; 3) The loss of possession was not the result of the Note being assigned, endorsed, delivered to another party, cancelled, pledged, hypothecated [or] otherwise transferred.
 

 ....
 

 14. The right to enforce the lost note constitutes a valid debt as described in [N.C. Gen. Stat.] § 45-21.16(d) of which CitiMortgage is the holder....
 

 15. Respondents have presented no credible evidence tending to show that any other entity is the holder of the debt or there is an actual controversy regarding CitiMortgage's status as the holder. Namely, Respondents have not shown there is another person or entity other than CitiMortgage seeking to enforce the debt. At best, Respondents presented documents tending to show there are other entities who previously had some interest or may have some interest in the outcome of these proceedings. Respondents did not present any evidence tending to show any entities are presently adverse to CitiMortgage or that Respondents are in danger of making duplicate payments.
 

 Respondents filed timely notice of appeal.
 

 Analysis
 

 Respondents maintain that the trial court erred in permitting the foreclosure sale because CitiMortgage was not the holder of the Note as
 
 *635
 
 required by N.C. Gen. Stat § 45-21.16(d) (2017). As explained below, we reject this argument and affirm the order of the trial court.
 

 CitiMortgage's Authority to Seek Non-Judicial Foreclosure
 

 When this court reviews a trial court's order permitting a foreclosure sale, where the trial court sat without a jury, "findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary."
 
 In re Bass
 
 ,
 
 366 N.C. 464
 
 , 467,
 
 738 S.E.2d 173
 
 , 175 (2013). Unchallenged findings of fact are presumed correct and binding on appeal.
 
 In re Schiphof
 
 ,
 
 192 N.C. App. 696
 
 , 700,
 
 666 S.E.2d 497
 
 , 500 (2008). On appeal, the trial court's conclusions
 
 *252
 
 of law are reviewable
 
 de novo
 
 .
 
 Bass
 
 ,
 
 366 N.C. at 467
 
 ,
 
 738 S.E.2d at 175
 
 .
 

 Our General Assembly has established a procedure to avoid lengthy and costly judicial foreclosures and instead has permitted parties to expeditiously resolve mortgage defaults via a non-judicial power of sale if authorized in the parties' mortgage or deed of trust.
 
 See
 

 N.C. Gen. Stat. § 45-21.16
 
 (2017) ; 1 Patrick K. Hetrick and James B. McLaughlin, Jr.,
 
 Webster's Real Estate Law in North Carolina
 
 § 13.31 (Matthew Bender, 6th Ed. 2011). This Court has explained a power of sale as follows:
 

 A power of sale is a contractual arrangement in a mortgage or a deed of trust which confers upon the trustee or mortgagee the power to sell the real property mortgaged without any order of court in the event of a default. A power of sale provision in a deed of trust is a means of avoiding lengthy and costly foreclosures by action, whereby the parties have agreed to abandon the traditional foreclosure by judicial action in favor of a private contractual remedy to foreclose.
 

 In re Adams
 
 ,
 
 204 N.C. App. 318
 
 , 321,
 
 693 S.E.2d 705
 
 , 708 (2010) (citations, internal brackets, and quotation marks omitted). This procedure provides for a hearing before the clerk of court in the county where the land is located.
 
 N.C. Gen. Stat. § 45-21.16
 
 (d) (2017). The statute strictly details the evidence the clerk can receive and the findings the clerk can make:
 

 Upon such hearing,
 
 the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents.
 
 If the clerk finds the existence of (i)
 
 valid debt of which the party seeking
 

 *636
 

 to foreclose is the holder
 
 , (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), or if the loan is a home loan under G.S. 45-101(1b), that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed, and (vi) that the sale is not barred by G.S. 45-21.12A, then the clerk shall authorize the mortgagee or trustee to proceed under the instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article.
 

 Id
 
 . (emphasis added). The clerk's ruling may be appealed
 
 de novo
 
 to a district or superior court judge having jurisdiction within ten days of the clerk's ruling.
 
 Id
 
 . § 45-21.16(d1).
 

 Under the Uniform Commercial Code ("UCC"), as adopted in North Carolina, the "[h]older" of a note is defined as: "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"
 
 Id
 
 . § 25-1-201(d)(21)(a). When an entity no longer possesses the note or has lost the note, it may nevertheless prove the existence of a valid debt.
 
 See id
 
 . §§ 25-3-301, -309(a). Section 25-3-309 of the UCC provides a three-part test of the entitlement to enforce a lost instrument:
 

 A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
 

 Id
 
 . § 25-3-309(a). Both statute and case law sanction the use of affidavits as competent evidence to establish the required statutory elements in a
 
 de novo
 
 foreclosure hearing.
 
 Id
 
 . § 45-21.16(d) ("[T]he clerk shall consider the evidence of the parties and may consider ... affidavits[.] );
 
 In re Goddard and Peterson, PLLC
 
 , --- N.C. App. ----, ----,
 
 789 S.E.2d 835
 
 , 844 (2016).
 
 See also
 

 *637
 

 Emerald Portfolio, LLC v. Outer Banks/Kinnakeet Assocs., LLC
 
 , --- N.C. App. ----, ----,
 
 790 S.E.2d 721
 
 , 723 (2016) (party seeking to enforce lost note used an affidavit setting out § 25-3-309 elements to enforce a lost note).
 
 *253
 
 Respondents argue that CitiMortgage cannot seek a non-judicial power of sale foreclosure because it is not the holder of the Note due to loss of the Note. This argument is without merit.
 

 Here, applying the lost note statute, the trial court found:
 

 12. After the Note and Deed of Trust were transferred to CitiMortgage, the original Note was lost. CitiMortgage offered testimony by affidavit that 1) CitiMortgage was in possession at the time the original Note was lost or destroyed; 2) after a good faith, thorough and diligent manual search, CitiMortgage was not able to locate the Note; 3) The loss of possession was not the result of the Note being assigned, endorsed, delivered to another party, cancelled, pledged, hypothecated [or] otherwise transferred.
 

 This finding of fact tracks the required elements to establish that a party not in possession of an instrument is nonetheless entitled to enforce the instrument as set out in
 
 N.C. Gen. Stat. § 25-3-309
 
 (a) (2017). This finding is supported by the record evidence, including numerous affidavits of representatives of CitiMortgage addressing the three factors set forth in § 25-3-309(a).
 

 Respondents further maintain that CitiMortgage "failed to present sufficient evidence that it was the holder of the Note." The attacks on the affidavits presented are tantamount to attacks on the credibility of the evidence, which we will not review.
 
 See
 

 Sellers v. Morton
 
 ,
 
 191 N.C. App. 75
 
 , 79,
 
 661 S.E.2d 915
 
 , 920 (2008) ("When the trial court sits as a finder of fact, questions concerning the weight and credibility of the evidence are the province of the trial court.").
 

 We hold that this evidence was sufficient to support the trial court's findings of fact, and that those findings of fact support the trial court's conclusion of law that the Note was enforceable by CitiMortgage under
 
 N.C. Gen. Stat. § 25-3-309
 
 . We make this holding recognizing that the Respondents presented evidence showing that other parties previously had or may have an interest in this proceeding; however, we agree with the trial court's finding that "Respondents have presented no credible evidence tending to show that any other entity is the holder of the debt or there is an actual controversy regarding CitiMortgage's status as the holder." The trial court's findings are supported by competent
 
 *638
 
 evidence and are therefore conclusive "even though the evidence might sustain a finding to the contrary."
 
 Bass
 
 ,
 
 366 N.C. at 467
 
 ,
 
 738 S.E.2d at 175
 
 .
 

 The trial court properly concluded that CitiMortgage was the holder in due course of a valid debt and was entitled to proceed with the power of sale foreclosure under the terms of the parties' deed of trust. Accordingly, we affirm the trial court.
 

 AFFIRMED.
 

 Judges STROUD and MURPHY concur.