IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA21-682-2

Filed 17 October 2023

Yadkin County, No. 16SP88

IN THE MATTER OF THE FORECLOSURE OF THE DEEDS OF TRUST OF
MICKEY W. SIMMONS and WAYNE SIMMONS and his wife SALLY SIMMONS,
Grantors,

TO J. GREGORY MATTHEWS

Original Deeds of Trust
In Book 1123, Page 573, recorded
On May 2, 2014 AND
In Book 1158, Page 67, recorded
June 12, 2015.

Appeal by Grantors from order entered 3 May 2021 by Judge Michael D.

Duncan in Yadkin County Superior Court. Heard in the Court of Appeals 23 August

2023. Petition for Rehearing allowed 5 December 2022. The following opinion

supersedes and replaces the prior opinion filed 4 October 2022.

> *Blanco Tackabery & Matamoros, P.A., by Chad A. Archer and Henry O.*
> *Hilston, for Grantors-Appellants.*
>
> *Hutchens Law Firm, LLP, by Hilton T. Hutchens, Jr., and Jeffrey A. Bunda,*
> *for Petitioners-Appellees.*

GRIFFIN, Judge.

Grantors Mickey W. Simmons and Wayne and Sally Simmons appeal from an

order denying their motion to vacate and set aside the foreclosure sale filed pursuant

to Rule 60(b) of the North Carolina Rules of Civil Procedure. Grantors argue the trial

court erred in denying their motion pursuant to Rule 60(b) as: J. Gregory Matthews improperly served as both the closing attorney for the loan and the foreclosure trustee and otherwise failed to include a notice of neutrality in the notice of hearing per N.C. Gen. Stat. §§ 45-10 and 45-21.16, respectively; and failed to notice Grantors, Wayne and Sally Simmons, of the 26 November 2019 foreclosure sale. Upon review, we hold the trial court did not err.

## I.    Factual and Procedural History

In May 2014, Grantors refinanced a loan with Petitioners, Donald and Betty Groce, which was secured by a deed of trust encumbering three tracts of land located at 1708 Rudy Road in Yadkinville, North Carolina. Then, on or about 12 June 2015, Mickey Simmons took out a second loan secured by a deed of trust encumbering the same three tracts of land. Matthews served as trustee in each of these transactions.

On 12 April 2016, Matthews, acting as counsel for Petitioners, sent a letter to Grantors noting Grantors were in default for failing to make payments. On 22 April 2016, Matthews sent a statutory payoff notice. Matthews filed a notice of foreclosure hearing on 22 July 2016 which set the hearing for 18 August 2016. After being continued, the foreclosure hearing was held on 6 October 2016. On 7 October 2016, the Clerk of Superior Court in Yadkin County, Beth Williams Holcomb, entered an order allowing foreclosure. The foreclosure sale was set to occur on 26 November 2016. Subsequently, Grantors filed for bankruptcy three times which stayed the foreclosure proceedings until 23 September 2019.

On 15 October 2019, Matthews filed a notice of sale. The foreclosure sale was held 26 November 2019, at which time Petitioners became the last and highest bidder. On 6 December 2019, the foreclosure sale was confirmed and the rights of the parties became fixed. On 10 December 2019, a trustee's deed was recorded.

On 5 October 2020, Wayne and Sally Simmons attempted to file a "Motion to Vacate the Foreclosure Sale," which the Clerk refused. On 25 November 2020, Mickey Simmons refiled the motion seeking relief from the foreclosure pursuant to Rule 60(b)(1), (3), and (6) arguing: the notice of foreclosure hearing did not contain a statement of neutrality as required under N.C. Gen. Stat. § 45-21.16(c)(7)(b); Matthews served as both Petitioners' attorney and foreclosure trustee in violation of N.C. Gen. Stat. § 45-10; and Wayne and Sally Simmons did not receive notice of the 26 November 2019 foreclosure sale.

On 19 January 2021, Clerk Holcomb entered an order denying the motion. Mickey Simmons appealed to the Yadkin County Superior Court. On 3 May 2021, Judge Michael D. Duncan entered an order denying the motion. On 1 June 2021, Grantors filed notices of appeal.

## II. Analysis

Grantors argue the trial court erred in denying the motion to vacate and set aside the foreclosure sale pursuant to Rule 60(b) because Matthews improperly served as both the closing attorney for the loan and the foreclosure trustee, and otherwise failed to include a notice of neutrality in the notice of hearing per N.C. Gen.

Stat. §§ 45-10 and 45-21.16, respectively; and failed to notice Wayne and Sally Simmons of the 26 November 2019 foreclosure sale. We disagree.

## A. Standard of Review

Typically, this Court reviews the trial court's denial of a motion for relief under Rule 60(b) to determine whether the court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). The trial court will be reversed for abuse of discretion "only upon a showing that its actions are manifestly unsupported by reason." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citations omitted).

## B. Chapter 45 Foreclosure Proceedings and the North Carolina Rules of Civil Procedure

North Carolina law provides for two methods under which a foreclosure proceeding may be brought: civil action or power of sale. *Phil Mech. Constr. Co. v. Haywood*, 72 N.C. App. 318, 321, 325 S.E.2d 1, 3 (1985); *see also Banks v. Hunter*, 251 N.C. App. 528, 534, 796 S.E.2d 361, 367 (2017) (citations omitted). In pertinence, "power of sale is a contractual provision in a deed of trust conferring upon the trustee the power to sell real property pledged as collateral for a loan in the event of default." *In re Worsham*, 267 N.C. App. 401, 407, 833 S.E.2d 239, 244 (2019) (citation omitted). As such, the right to foreclose by power of sale is contractual in nature and "permit[s] parties to expeditiously resolve mortgage defaults [through] a non-judicial [proceeding] if authorized in the parties' mortgage or deed of trust." *In re Frucella*,

261 N.C. App. 632, 635, 821 S.E.2d 249, 252 (2018). Because a power of sale foreclosure is achieved through non-judicial proceedings, our General Assembly has prescribed, in Chapter 45 of our General Statutes, a comprehensive framework governing power of sale foreclosures. *See* N.C. Gen. Stat. § 45 (2021).

Although our North Carolina Rules of Civil Procedure typically "apply in all actions and proceedings of a civil nature[,]" the Rules do not apply "when a differing procedure is prescribed by statute." N.C. Gen. Stat. § 1A-1, Rule 1. In reiterating the essence of this Rule, our Supreme Court in *In re Ernst & Young* pointedly stated: "[w]hen the legislature has prescribed specialized procedures to govern a particular proceeding, the Rules of Civil Procedure do not apply." *In re Ernst & Young*, 363 N.C. 612, 616, 684 S.E.2d 151, 154 (2009) (citation omitted). Drawing from the Court's reasoning in *Ernst & Young*, our Supreme Court in *In re Lucks* explicitly applied this principle to Chapter 45, power of sale foreclosures. *See In re Lucks*, 369 N.C. 222, 794 S.E.2d 501 (2016).

In *Lucks*, our Supreme Court stated: "The General Assembly has crafted Chapter 45 to be the comprehensive and exclusive statutory framework governing non-judicial foreclosures by power of sale." *Id.* at 226, 794 S.E.2d at 505 (citations omitted). Further, the Court clearly stated "[t]he Rules of Civil Procedure do not apply unless explicitly engrafted into the statute[,]" while recognizing the Rules would apply in sections such as 45-21.16(a) where the statute clearly requires notice of the foreclosure hearing as provided by the Rules. *Id.*; *see also* N.C. Gen. Stat. § 45-

21.16(a) (2021) ("The notice shall be served and proof of service shall be made in any manner provided by the Rules of Civil Procedure[.]").  Similarly, Justice Hudson, while concurring in result only, specifically noted the Rules did not apply in section 45-21.16(c)(7). *In re Lucks,* 369 N.C. at 230, 794 S.E.2d at 507 (Hudson, J., concurring in result).  This idea is supported by the fact that she stated: "I would clarify that since N.C.G.S. § 45-21.16 prescribes a different procedure for the hearing before the clerk, see N.C.G.S. § 45-21.16(c)-(d1) (2015), the Rules of Civil Procedure do not apply[.]" *Id.* at 230, 794 S.E.2d at 508 (Hudson, J., concurring in result).

Here, Grantors sought relief from the foreclosure pursuant to our North Carolina Rules of Civil Procedure, Rule 60(b), contending Matthews improperly served as both the closing attorney for the loan and the foreclosure trustee and otherwise failed to include a notice of neutrality in the notice of hearing per N.C. Gen. Stat. §§ 45-10 and 45-21.16(c).  Further, Grantors also sought relief pursuant to Rule 60(b) by arguing that although Mickey Simmons received notice of the 26 November 2019 foreclosure sale, Wayne and Sally Simmons were never noticed.

Under Rule 60(b) of our Rules of Civil Procedure, a trial court may relieve a party from a final judgment, order, or proceeding for, among other reasons: "Mistake, inadvertence, surprise, or excusable neglect; . . . Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . [or] Any other reason justifying relief from the operation of the judgment." N.C. R. Civ. P. 60(b).

Further, our General Statutes, section 45-10, states, in relevant part: "An attorney who serves as the trustee or substitute trustee shall not represent either the noteholders or the interests of the borrower while initiating a foreclosure proceeding." N.C. Gen. Stat. § 45-10 (2021). This portion of section 45-10 did not exist at the time the foreclosure proceedings here were initiated, as the relevant portion of the statute was amended to include the above statement in 2017. *See* 2017 N.C. Sess. Laws 206. While not in existence at the time of the foreclosure hearing in 2016, the amended portion of the statute was relevant law at the time of the foreclosure sale in 2019. Nevertheless, at no time were the Rules of Civil Procedure specifically engrafted in the statute and therefore do not apply.

Further, section 45-21.16(c) states that notice of foreclosure hearing shall, in relevant part, contain "[a] statement that the trustee, or substitute trustee, is a neutral party and, while holding that position in the foreclosure proceeding, may not advocate for the secured creditor or for the debtor in the foreclosure proceeding." N.C. Gen. Stat. § 45-21.16(c)(7)(b) (2021). While Matthews concedes the notice did not contain such a statement, the Rules of Civil Procedure are not specifically engrafted in the statute, and therefore Rule 60 does not apply.

In their final contention, Grantors argue Matthews's failure to notice Wayne and Sally Simmons of the foreclosure sale was in contravention of the requirements of service under section 45-21.16(a)—to which the Rules do apply. *See* N.C. Gen. Stat. § 45-21.16(a) (2021) (engrafting the North Carolina Rules of Civil Procedure).

However, Grantors' contention does not concern the service itself but is in regard to Wayne and Sally Simmons not being served as required by section 45-21.16(b). Section 45-21.16(b) states notice must be served upon:

> (1) Any person to whom the security interest instrument itself directs notice to be sent in case of default.
>
> (2) Any person obligated to repay the indebtedness against whom the holder thereof intends to assert liability therefor, and any such person not notified shall not be liable for any deficiency remaining after the sale.
>
> (3) Every record owner of the real estate whose interest is of record in the county where the real property is located at the time the notice of hearing is filed in that county.

N.C. Gen. Stat. § 45-21.16(b) (2021). Here, again, our General Assembly, in section 45-21.16(b), prescribed specific rules as to who should be noticed without engrafting our Rules of Civil Procedure. As such, Rule 60 does not apply.

Although Grantors sought relief from foreclosure pursuant to Rule 60(b) of our North Carolina Rules of Civil Procedure, the Rules do not apply to foreclosure proceedings such as these, initiated under Chapter 45, unless specifically engrafted into the statute. Because the Rules are not engrafted into N.C. Gen. Stat. §§ 45-10 or 45-21.16(b)-(c), the Rules of Civil Procedure do not apply to those statutes, and therefore, Rule 60 relief can neither be sought nor granted in wake of a violation thereof. Thus, the trial court did not abuse its discretion in denying Grantors' motion to vacate and set aside the foreclosure pursuant to Rule 60(b).

### III. Conclusion

We hold the trial court did not err in denying Grantors' motion to vacate and set aside foreclosure.

AFFIRMED.

Judges WOOD and FLOOD concur.